Geeen J.
delivered the opinion of the court.
This biil is filed by Peay, to enjoin a judgment obtained against him by the defendant, in the county court of Montgomery. It appears that Poston held by assignment a note for $268, executed by Charles Baily, together with the complainant and Henry Small as his securities. A suit was brought against Baily and Peay to January term of the county court of Montgomery county, 1826. At the return term, *113 judgment final was taken by default against the complainant. Execution was not issued until after the October Neither Poston nor Baily informed Peay of the agreement to ... , r J e . , J ° indulge or the coniession ol judgment.
It is' contended upon these facts, that the complainant is discharged in equity from any liability for this debt, because of the indulgence which was gjven by the defendant to the principal obligor in the note.
The principles of the case of McLemore vs. Powell, 12 Wheat. 557, as applicable to the present case, is an authority against the complainant. It is true the court say, that if the holder of a bill of exchange enters into a valid contract for delay without the assent of the endorser, it is to his .prejudice, and he is thereby discharged. But why is it to his prejudice? Because, say the court, uhe thereby suspends his own remedy on the bill for the stipulated period; and if the endorser were to pay the bill, he could only be subro-gated to the rights of the holder, and the drawer could or might have the same equities against him, as against the holder himself.
Now this reason why the contract for delay should discharge the surety, does not exist in the present case. The agreement of Poston to stay the’execution against Baily, did aiot prevent Peay from obtaining-, judgment against Baily by virtue of the act of 1809, c 59. By that act, a surety, against whom a judgment may be rendered, may obtain judgment against his principal immediately, for the amount for which he has been so made liable.
The contract between the creditor and the principal debtor for a delay of execution after judgment, cannot affect the remedies of the surety, and he is not injured by it. If, instead of six months, Poston had agreed to wait with Baily ten years, we do not see that Peay would have been injured thereby. The means of securing himself would have been as open to him as though no delay had been agreed upon. It would therefore be against reason, that he should be released in consequence of an act no way injurious to him. This is in principle like the case oflhe holder of a bill, agreeing with the .drawer for delay, without consideration. Such agree- *114 not being binding upon him, the endorser, by paying bill might reinstate himself in the ownership of it, and thereby entitle himself to a personal remedy on the bill against all antecedent parties. 12 Wheat. 556. And because he has this remedy to secure himself, it is correctly holden, that such agreement for delay does not discharge him. The reason for discharging a party in such case would be stronger than in the one under consideration; because in that case he must pay the money before he could have a remedy against the antecedent parties; but here he is required to do no such thing, but may forthwith upon the rendition of judgment against himself obtain one by motion against his principal.
It is alledged the complainant was misled, and induced to neglect his interest, by the commencement of the suit by Poston, and his supposition, that he would prosecute it rigorously to execution. If that be true, it was his own fault. He had no right to depend on the plaintiff in that case. He had the means of securing himself at his own command; and if he failed to do so, blame can attach to no one but himself.
In addition to the above view of the case, it may be observed that had the agreement for delay not been made, Baily would probably have kept off the judgment, by defending the action, as long as the six months agreed on. And when the delay agreed on is not greater than could be obtained by defending the action, it would be against reason as wrell as authority to discharge the surety, for such agreement would do him no injury. Theob. oñ Prin. and Sur. 216: Law Lib. 128. We are of opinion that the decree of the circuit court is erroneous, and that it be reversed, and that the defendant have judgment against the complainant and his security for the injunction.
Decree reversed.